MEMORANDUM OPINION
{¶ 1} On August 23, 2007, appellants, Babies R Us and Toys R Us, Inc., by and through counsel, filed a notice of appeal from three judgment entries of the Lake County Court of Common Pleas. The entries appealed from were dated July 31, 2007, August 3, 2007, and August 17, 2007.
 {¶ 2} In the July 31, 2007 entry, the trial court granted appellees, Sophie Koski and Marc Koski, leave to file their first amended complaint and ordered that the first amended complaint was deemed to be filed instanter. In that entry, the trial court *Page 2 
further ordered appellants to answer the first amended complaint within three days of facsimile or electronic service. The trial court also denied appellants' motion for reconsideration.
 {¶ 3} In a subsequent entry dated August 3, 2007 entry, the trial court denied appellants' motion for protective order. In the August 17, 2007 entry, the trial court ordered that the jury returned a verdict in favor of appellee Sophie Koski against appellants for $1,581,700, and in favor of appellee Marc Koski for loss of consortium in the amount of $65,000. The trial court indicated that the issue of punitive damages was to be adjudicated at a later time.
 {¶ 4} Appellees filed a motion to dismiss the appeal with this court on September 27, 2007. Appellees allege that there is no final appealable order because all of the claims between the parties have not been resolved, and there was no finding by the trial court that there is no just reason for delay. Specifically, appellees contend that the prejudgment interest claim pursuant to R.C. 1343.03(C) is still pending.
 {¶ 5} Appellants filed a response to appellees' motion to dismiss on October 9, 2007.
 {¶ 6} We must determine whether there is a final appealable order, as this court may entertain only those appeals from final judgments or orders. Noble v. Colwell (1989), 44 Ohio St.3d 92. A final order is statutorily defined by R.C. 2505.02(B), which provides as follows:
 {¶ 7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: *Page 3 
 {¶ 8} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 9} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 10} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 11} "(4) An order that grants or denies a provisional remedy * * *;
 {¶ 12} "(5) An order that determines that an action may or may not be maintained as a class action * * *."
 {¶ 13} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus.
 {¶ 14} Civ.R. 54(B) provides, as follows:
 {¶ 15} "When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Page 4 
 {¶ 16} Here, we note that the July 31 entry and the August 3 entry that appellants are appealing from are both interlocutory. In the August 17, 2007 judgment entry, the trial indicated that the issue of punitive damages had not been disposed of yet. Hence, there are still claims pending in the trial court. Furthermore, the August 17 entry does not contain any Civ.R. 54(B) language. Thus, without the inclusion of Civ.R. 54(B) language, there is no final appealable order.
 {¶ 17} For the foregoing reasons, appellees' motion to dismiss is granted, and this appeal is dismissed for lack of a final appealable order.[1]
 {¶ 18} Appeal dismissed.
CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur.
[1] Although we agree with appellees that this appeal is not a final appealable order, we disagree with their reasoning. As previously mentioned, appellees claim that this appeal is not final because the prejudgment interest claim is still pending. However, based upon our analysis, we are dismissing the appeal because the issue of punitive damages is still pending in the trial court, and without the inclusion of Civ.R. 54(B) language in the August 17, 2007 entry, there is no final appealable order. *Page 1